UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CARL EUSTACHE,

               Plaintiff,[1]

      -against-

MARTHA LOUISSAINT, KRYSNA LOUISSAINT,
and JOSEPH EUSTACHE,

              Defendants.

----------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-01603 (PKC)

PAMELA K. CHEN, United States District Judge:

      *Pro se* Plaintiff Carl Eustache filed this action in the United States District Court for the Southern District of New York (the "Southern District") and alleged federal question jurisdiction. By Order dated February 22, 2023, the Southern District transferred the action to this Court. (Dkt. 3.) The Court grants Plaintiff's request to proceed *in forma pauperis*. For the reasons stated below, Plaintiff's complaint is dismissed. However, Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

## BACKGROUND

      Plaintiff alleges that he "got tourchered [sic]. . . with voodoo" by officers at the New York City Police Department's 69th Precinct in Canarsie, Brooklyn and that Defendants Martha

---

      [1] Plaintiff has recently filed an action substantially similar to the instant action. *See Eustade v. Eustade et al*., No. 23-CV-01081 (PKC). By Memorandum and Order dated February 17, 2023, the Court dismissed the complaint for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff was granted leave to amend. (*Id*.)

Louissaint and Joseph Eustache, and possibly others, violated his rights at Brookdale Hospital. (*See* Dkt. 2, at 2, 5.)  It is unclear what relief Plaintiff is seeking. (*Id*., at 6.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

2

## I.    Plaintiff Fails to State a Basis for Federal Question Jurisdiction

Plaintiff asserts that the Court has federal question jurisdiction but does not suggest a plausible basis for the exercise of jurisdiction.   Section 28 U.S.C. § 1331 provides the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see also Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004).  A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010); *Trisvan v. Kentucky Fried Chicken Corp.,* No. 20-CV-2071 (MKB), 2020 WL 7404434, at *2 (E.D.N.Y. Dec. 17, 2020).  A federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted).

To the extent that Plaintiff seeks to allege that Defendants violated his constitutional rights, his claim fails.  The Constitution regulates only the conduct of government actors and not that of private parties.  *Ciambriello v. County of Nassau*, 292 F.3d 307,323 (2d Cir. 2002) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982)).  Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted); *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)).  Here, the named Defendants are all private parties, and Plaintiff has failed to plead

a plausible claim for state action.  *See, e.g.*, *Klein v. Koenig*, No. 20-CV-9319 (PMH), 2021 WL 355671, at *2 (S.D.N.Y. Feb. 2, 2021) (dismissing claims against private parties).

## II.    Plaintiff Fails to Comply with Rule 8

In addition to requiring sufficient factual matter to state a plausible claim for relief, under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them.  *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.*  (internal citations and alterations omitted).  To satisfy this standard, the complaint must at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."  *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).   Here, Plaintiff's complaint fails to comply with Rule 8.

## LEAVE TO AMEND

In deference to Plaintiff's *pro se* status, the Court will permit him to file an amended complaint within 30 days from the date of entry of this Order.  Plaintiff is advised that the amended complaint will supersede his initial complaint and become the operative complaint in this action. As such, the amended complaint must: (1) be clearly labeled as Plaintiff's amended complaint; (2) clearly identify all Defendants against whom Plaintiff intends to assert claims; (3) allege clear, concise, plausible facts against each Defendant named; (4) identify a valid basis for the exercise of the Court's jurisdiction; and (5) provide dates and locations for all incidents alleged.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure.   Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.  If Plaintiff fails to file an amended complaint within thirty (30) days from the date of this Order, judgment shall enter, and this case shall be closed.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff, along with relevant complaint forms, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: April 7, 2023
        Brooklyn, New York

5